IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HORACE ALEXANDER, § | |
| TDCJ-CID NO. 1486540, § | |
|     Petitioner, § | |
| v. § | CIVIL ACTION NO. H-11-2097 |
| § | |
| RICK THALER, § | |
|     Respondent. § | |

## MEMORANDUM AND ORDER ON DISMISSAL

By this petition, *pro se* state inmate Horace Alexander has filed a federal habeas petition seeking relief under 28 U.S.C. §2254 for a 2008 conviction in the 232nd Criminal District Court of Harris County, Texas, for assault with bodily injury to a public servant. (Docket Entry No.1). Because petitioner has not exhausted his state remedies before seeking federal habeas relief, the Court will dismiss the pending petition.

## CLAIMS

Petitioner's pleadings and public records reflect the following: In early February, 2008, a jury in the 232nd Criminal District Court of Harris County, Texas, convicted petitioner of assault with bodily injury to a public servant in cause number 1069078. (Docket Entry No.1). Punishment was assessed at twenty-five years confinement in the Texas Department of Criminal Justice—Correctional Institutions Division. (Id.). On January 27, 2009, petitioner's conviction was affirmed on direct appeal. Alexander v. State, No.14-08-00124-CR, 2009 WL 179206 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd). Petitioner filed a

petition for discretionary review but the petition was dismissed on April 8, 2009, as untimely filed. Texas Court website.[1] Petitioner sought state habeas relief but his first two applications were dismissed on April 8, 2008, and September 2, 2009, respectively, because a direct appeal was pending. Harris County District Clerk website; Texas Court website.[2] Public records reflect that petitioner's third state habeas application, filed on August 3, 2009, was dismissed on September 29, 2010, as not-compliant and returned to petitioner. Texas Court website.[3] Petitioner's fourth state habeas application is pending in the Texas Court of Criminal Appeals. Texas Court website.[4]

Petitioner executed the pending federal petition on May 30, 2011. (Docket Entry No.1). Liberally construing his petition, the Court finds that petitioner seeks federal habeas relief on grounds that (1) he was denied the effective assistance of counsel on appeal; (2) he was denied an insanity hearing; and, (3) he had served over twenty months in jail before trial. (Id.).

---

1  http://www.cca.courts.state.tx.us/opinions/eventInfo.asp.EventID=2366977

2  See Office of Harris County District Clerk - cause number 1069078C at http://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=c4TOe9xWOWhsJmCVsXkhnBOvc; See Texas Courts Online case number WR-12,146-06 (1069078-C) at http://www.cca.courts.state.tx.us/opinions/eventInfo.asp?EventID=2421377

3  http://www.cca.courts.state.tx.us/opinions/eventInfo.asp?EventID=2326900 (WR-12,146-03); http://www.cca.courts.state.tx.us/opinions/eventInfo.asp?EventID=2382075(WR-12,146-05)

4  http://www.cca.courts.state.tx.us/opinions/eventInfo.asp?EventID=2446088 (WR-12,146-08)

DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. Coleman v. Thompson, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. Castille v. Peoples, 489 U.S. 346 (1989); Fisher v. State, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254 (b)(1)(B).

Petitioner's pleadings and public records show that petitioner has not presented the claims in the pending petition to the Texas Court of Criminal Appeals; therefore, the claims raised in the present petition are unexhausted. Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.

CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding

will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); *see also* Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Based on the foregoing, the Court ORDERS:

1. Petitioner's federal habeas action is DISMISSED

WITHOUT PREJUDICE for failure to exhaust.

2. A certificate of appealability is DENIED.

3. All pending motions are DENIED.

The Clerk will provide a copy of this Order to the parties.

Signed at Houston, Texas, on _____July 7_____, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE